**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **15-05921-jw**

**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND AWARDING DEBTOR ATTORNEY'S FEES AND COSTS**

The relief set forth on the following pages, for a total of 13 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**05/10/2017**



_John E. Waites_
US Bankruptcy Judge
District of South Carolina

Entered: 05/10/2017

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 15-05921-JW |
| | Chapter 13 |
| Charity Roczellia Rivers-Jenkins, | |
| Debtor. | |

## ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND AWARDING DEBTOR ATTORNEY'S FEES AND COSTS

This matter comes before the Court upon the Motion for Relief from Stay ("Motion") filed by 21st Mortgage Corporation ("Movant"), seeking the lifting of the automatic stay as to a 2000 Bellcrest Pine Bluff II Manufactured Home ("Manufactured Home"). Charity Roczellia Rivers-Jenkins ("Debtor") filed an objection to the Motion, and a hearing was held. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Fed. R. Civ. P. 52, made applicable herein by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1.  On August 6, 2002, Debtor executed and delivered to Conseco Finance Servicing Corporation a Manufactured Home Promissory Note, Security Agreement and Disclosure Statement (collectively "Agreement") regarding the Manufactured Home. Movant appears to be the successor to Conseco Finance Servicing.

2.  The Agreement provides that "[Debtor] shall pay all taxes assessments and other charges, fines and impositions attributable to the Manufactured Home . . . . [Debtor]

---

[1] To the extent the following findings of fact are conclusion of law, they are adopted as such, and vice versa.

1

shall promptly furnish to [Movant] receipts evidencing such payments." The Agreement does not set a period or deadline by which Debtor is to furnish the tax receipts to Movant.

3. The Agreement also provides, "[Debtor] understand[s] that [Debtor] must keep this [Manufactured Home] insured against loss, expense or damage due to fire, theft, collision, or other risk as [Movant] may reasonably require and in such amounts as [Movant] require[s] with an insurance company satisfactory to [Movant]. . . . Unless [Debtor] provide[s] evidence of the insurance coverage required by [the Agreement] with [Movant], [Movant] may purchase insurance at [Debtor's] expense to protect [Movant's] interest in [the Manufactured Home]." The Agreement does not elaborate on when Debtor is to provide evidence of insurance coverage to Movant.

4. On November 4, 2015, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

5. On January 31, 2017, Movant sent a letter by certified mail to Debtor's counsel ("January 31 Letter") indicating that the 2016 property taxes for the Manufactured Home were delinquent in the amount of $208.91, and advising that Debtor was required to pay tax bill and send proof of payment to Movant within 30 days of the date of the letter (*i.e.* by March 2, 2017).

6. On February 22, 2017, Debtor paid the 2016 property taxes for the Manufactured Home. The record does not indicate whether Debtor sent Movant proof of payment of the 2016 property taxes.

7. On March 16, 2017, Movant filed its Motion and the Certification of Facts required by SC LBR 4001-1(a).

2

8.  In the Certification of Facts, Movant asserted only 11 U.S.C. § 362(d)(2)[2] as the basis for relief.[3] The Certification Facts indicated that Debtor had no equity in the Manufactured Home, but did not state that the Manufactured Home was not necessary to Debtor's effective reorganization. In the Motion, Movant asserted that the 2016 property taxes were unpaid, and that Debtor had failed to provide evidence of outside insurance coverage. Movant alleged that because of these failures, Movant did not have and had not been offered adequate protection, and it was therefore entitled to stay relief. Movant attached as an exhibit to the Motion a copy of a "Courtesy Notice," of the 2016 tax bill, presumably received by Movant from Beaufort County.[4]

9.  Movant's counsel scheduled the hearing on the Motion for April 13, 2017, using the Court's self-scheduling calendar. However, there is no evidence that counsel conferred with Debtor's counsel before filing and scheduling the Motion, as required by SC LBR 9013-1(b).[5]

10. On March 29, 2017, Debtor filed an objection to the Motion ("Objection"). In the Objection, Debtor stated that she paid the 2016 property taxes on February 22, 2017, and that she maintained proper insurance coverage on the Manufactured Home. Attached to the Objection was a copy of the tax receipt evidencing Debtor's payment of the 2016 taxes, as well as copies of two insurance declaration pages indicating that Debtor had continually

---

[2] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) will be by code section only.

[3] Although not mentioned in the Certification of Facts, the Motion states that it is based on both § 362(d)(1) (seeking lifting of the automatic stay for cause, including lack of adequate protection), and (d)(2).

[4] The Courtesy Notice contains information about the Manufactured Home current as of January 1, 2016. It also provides the phone numbers and emails for inquiries to be made to the Beaufort County Auditor, Assessor, and Treasurer, as well as the web address for the Beaufort County Treasurer's office.

[5] SC LBR 9013-1(b) provides in relevant part, "When self-scheduling a hearing, a movant should make a reasonable and good faith effort to confer with opposing counsel, if known, to coordinate a hearing on a motion considering the availability of opposing counsel and the trustee in the case."

3

maintained insurance on the Manufactured Home from March 1, 2016 through March 1, 2018. On each declaration page, Movant is identified as the loss payee. The Objection concluded with a request that Movant be charged with the fees and costs incurred by Debtor for her defense of the Motion.

11. On April 3, 2017, five days after the Objection was filed, Debtor's counsel received two letters from Movant. Each letter was dated March 2, 2017, and there is no indication that either letter was sent certified or in a manner other than regular U.S. Mail. The letters stated that Debtor's insurance policy had expired on March 1, 2017, and that Movant had no evidence that Debtor had obtained new coverage. The letters informed Debtor's counsel of Movant's intent to force-place insurance on the Manufactured Home if Debtor failed to provide proof of insurance by March 12, 2017.

12. Although the Objection appeared to address the issues raised in the Motion, Movant did not withdraw the Motion, but elected to proceed with its request for stay relief. In attendance at the hearing were Debtor and her counsel, and counsel for Movant. Movant did not send a representative to the hearing to testify, and the only exhibit Movant offered into evidence was a copy of its January 31 Letter.

13. At the hearing, counsel for Movant stated that the basis for the Motion was Debtor's failure to provide notice of insurance and payment of taxes on the Manufactured Home. Counsel admitted receipt of the Objection and the attachments, but explained to the Court that Movant believed that it was entitled to stay relief because it was not Movant's "responsibility to discover these things," on its own. Movant asserted that the only way it was able to obtain from the Debtor information about taxes and insurance was to file a motion for stay relief, which then prompted a response from the Debtor. According to Movant, because Debtor engaged in pattern and practice of only responding to motions, there was cause to grant relief from the stay. To support this assertion, Movant's counsel directed the

Court to the Court's docket, which revealed that the Motion before the Court was the second motion for stay relief filed by Movant in this case.[6] Aside from this reference to the docket, no testimony or witness was offered to support the statements of Movant's counsel.

14. Debtor's counsel advised the Court that his expectation was that upon receipt of the Objection, Movant would withdraw the Motion and Debtor would likely withdraw her request for attorney's fees. However, when informed by Movant's counsel that Movant wanted a "ruling from the Court," Debtor's counsel could not abandon his request for fees and costs due to the fact that in responding to the Motion and attending the hearing, Debtor had incurred additional attorney's fees and costs, and had lost time from work. Debtor's counsel argued that the Motion was wholly without merit because when it was filed, the 2016 property taxes were paid and there was never a lapse in insurance.

## CONCLUSIONS OF LAW

The parties present two issues in regards to the Motion: (1) whether the stay should be lifted to allow Movant to proceed with its state court remedies, and (2) whether attorney's fees and costs should be awarded to Debtor.

**A.    Relief from Stay**

Movant's Certification of Facts states that Movant is seeking relief only under § 362(d)(2); however, the Motion appears to seek relief from the automatic stay under both § 362(d)(1) and (2). Despite the defect in Movant's Certification of Facts, (which may prohibit

---

[6] A review of the Court's docket indicates that in June 2016 Movant filed a motion for stay relief due to Debtor's alleged failure to provide adequate protection or insurance on the Manufactured Home ("June 2016 Motion"). No objection was filed to the June 2016 Motion; however, the motion was withdrawn at the hearing and no order was entered. The insurance information attached to the Objection to the current Motion indicates that the Manufactured Home has been continuously insured since at least March 1, 2016. Based on the limited record before it, the Court can reasonably infer that when Movant filed the June 2016 Motion for lack of insurance, insurance was, in fact, in place.

5

the Court from considering relief under § 362(d)(1)), the Court will nonetheless consider both grounds because the Court reaches the same conclusion regardless.

Section 362(d)(1) provides that the automatic stay may be modified "for cause, including the lack of adequate protection of an interest in property of such party in interest." Relief from the automatic stay may also be permitted under § 362(d)(2) if: (1) a debtor does not have equity in the property that is the subject of the motion, and (2) the property is not necessary to an effective reorganization.

While Debtor concedes that there is no equity in the Manufactured Home above Movant's lien, the property serves as Debtor's residence. There is no indication of record that Debtor either has defaulted on her plan obligations to Movant or to the Chapter 13 Trustee. Therefore, the Court finds that the Manufactured Home is necessary to Debtor's effective reorganization, and relief under § 362(d)(2) is not appropriate at this time.

On the issue of cause, as demonstrated at the hearing, it appears that Debtor has continuously maintained appropriate insurance coverage on the Manufactured Home, and that the 2016 property taxes were paid before the Motion was filed. Therefore, the Court finds that Movant is adequately protected and that "cause" to lift the automatic stay under § 362(d)(1) has not been established.

**B.   Attorney's Fees**

In her Objection and at the hearing, Debtor asked the Court to award her attorney's fees and costs for defending the Motion. Debtor asserts that because the Manufactured Home remained insured, and the property taxes were paid before Movant filed the Motion, and evidence of these facts was provided to Movant prior to the hearing, the Motion and its continued prosecution were meritless. Movant argues that attorney's fees should not be awarded because, but for the Motion, Debtor would not have provided the requested information. To support this claim, Movant points to its prior requests for this information

6

– namely the June 2016 Motion and January 31 Letter.[7] Movant's arguments on this issue are without merit.

This Court has previously awarded attorney's fees and costs on several occasions to a debtor for defending an improperly filed or prosecuted motion for relief pursuant to the Court's authority to regulate the litigants that appear before it under § 105 and other authorities.[8] *See, e.g.*, *In re Ford*, 522 B.R. 842 (Bankr. D.S.C. 2015) (sanctioning creditor for continued prosecution of a motion for stay relief filed after confirmation of a plan to which it did not object; by filing the motion, creditor violated confirmation order, abused the bankruptcy process, and burdened the administration of debtor's estate); *In re Kilgore*, 253 B.R. 179 (Bankr. D.S.C. 2000) (awarding attorney's fees to debtor's counsel when a creditor did not act reasonably or diligently when directing its counsel to file a motion for relief); *In re Clements*, C/A No. 08-06969-jw, slip op. (Bankr. D.S.C. July 5, 2011) (imposing sanctions against the creditor in the amount of the attorney's fees incurred by the debtor to defend a motion for relief that was filed in error); *In re Woody*, C/A No. 97-04702-W, slip op. (Bankr. D.S.C. April 17, 2002) (sanctioning creditor for repeatedly filing motions for stay relief based on erroneous information); *In re Asbill*, C/A No. 98-05819-W, slip op. (Bankr. D.S.C. Feb. 1, 1999) *aff'd* 3:99-0773-19 (D.S.C. Feb. 23, 2000) (awarding attorney's fees to a debtor when the creditor did not act with diligence and did not conduct a reasonable inquiry prior to filing

---

[7] The Court notes that Movant did not raise Debtor's alleged failure to provide information as a basis for relief in either the Motion or Certification of Facts, but only at the hearing. Therefore, this basis for relief should be overruled. Furthermore, as discussed herein, even if Movant had properly pled Debtor's alleged failure to respond as an additional ground for stay relief, Movant failed to produce any evidence to support its claims.

[8] Section 105 is available to the Court to address egregious conduct when Bankruptcy Rule 9011 and 28 U.S.C. § 1927 may not apply. *See In re Brown*, 270 B.R. 43, 52 (Bankr. D.S.C. 2001) (when Bankruptcy Rule 9011 does not apply because offending party did not file written papers with the Court, § 105 is available); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41-42 and n.6 (1991) (28 U.S.C. § 1927 is available to sanction attorneys "who [multiply] the proceedings . . . unreasonably and vexatioiusly, . . ." however, the Court can rely on its inherent power to impose sanctions to address conduct that this statute is not broad enough to reach).

7

a motion for relief). Section 105 provides the bankruptcy court with broad powers "to implement the provisions of [the Bankruptcy Code] and to prevent abuse of the bankruptcy process." When awarding attorney's fees to a debtor, the Court has reasoned:

> More and more frequently, in these days of national lenders and frequent assignments of notes and mortgages, this Court is confronted with creditors who file relief from stay motions asserting that debtors are in arrears when in fact, after a reasonable inquiry, it appears that they are current in their payments. Such a lack of diligence by the creditors is not only a problem for the Court and the debtors, who can not only least afford the additional costs in attorney's fees but whose reorganization in some cases is dependent upon the retention of the collateral which is the subject of such motions, but is also even a problem for the creditors' attorneys that file these motions. To effectively be able to prosecute these motions and represent the truth of the matter alleged, these attorneys must be able to rely upon their clients and the information provided to them.

*Asbill*, C/A No. 98-05819-W, slip op at 7; *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (all Federal Courts, "possess certain 'inherent powers,' not conferred by rule or statute . . . [including] 'the ability to fashion an appropriate sanction . . . .'") (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764–65 (1980) (*citing United States v. Hudson*, 3 L. Ed. 259 (1812)) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others,'" and these powers include the inherent power to assess attorney's fees. . . ."

This case presents an example of the consequences of a failure to properly communicate before filing a motion for stay relief.

On the issue of the alleged non-payment of property taxes, it appears that after receiving a courtesy notice from Beaufort County regarding the property taxes, Movant wrote Debtor's counsel and asked that Debtor provide evidence of the tax payment within 30 days of the notice. The record indicates the taxes were paid within the 30 day period, but nothing in the record indicates that Debtor advised the Movant of the payment within the time frame

8

set forth in the January 31 Letter. It does not appear that Movant or its counsel checked the public records or attempted to follow up with Debtor's counsel about the tax bill payment before filing the Motion or at the time of the scheduling of the hearing. Instead, it appears that Movant and its counsel relied on the same tax records for both the January 31 Letter and the Motion, despite the fact that more than six weeks had passed between the mailing of the January 31 Letter and the date Movant filed the Motion. Under these circumstances, reliance on six-week-old information as the basis of a motion for relief was unreasonable, particularly given the fact that Movant is a sophisticated creditor, and Debtor's tax records are easily accessible for no cost from the county's website.[9] The diligent and proper course of action would be for Movant to conduct a reasonable inquiry by checking Debtor's tax records shortly before filing the Motion. *See In re Burns*, C/A No. 15-01927-jw, slip op. at 6 (Bankr. D.S.C. Sept. 9, 2015) (although Debtor failed to respond to correspondence sent by the creditor, creditor and its counsel are obligated to make a reasonable inquiry into the status of the alleged default prior to seeking stay relief).

Regarding the alleged lack of insurance, the facts appear more egregious. Movant alleges that the correspondence to Debtor's counsel requesting proof of insurance coverage was mailed on March 2, 2017; however, the letters were not sent by certified mail (as required by the Agreement), and the Movant offered no corroborating testimony to support its claim that the letters were mailed before the Motion was filed. Debtor's counsel indicated that he did not receive the letters until April 3, 2017, 18 days after the Motion was filed and five days

---

[9] Movant or counsel could have obtained updated information with minimal effort either by calling Beaufort County (whose contact information was contained in the exhibit to the Motion) or by obtaining the information regarding payment of taxes via online access, which is available to the public. The Court notes that the public tax records for Beaufort County, South Carolina, are accessible at http://sc-beaufort-county.governmax.com/svc/.

9

after Debtor filed the Objection. Under the circumstances, the Court finds Debtor's counsel statements regarding the timing of the two letters credible. Furthermore, there is no evidence in the record that Movant made a timely effort to determine the status of the insurance coverage, nor did Movant produce any evidence (such as a cancellation notice) to justify its claim that there was a lapse in coverage.

Even if the Court were to consider Movant's conduct as reasonable at the time the Motion was filed, the record is clear that upon receipt of the Objection, Movant was aware that the grounds for relief raised in the Motion were no longer applicable (*i.e.* the Manufactured Home was properly insured and the 2016 taxes were paid). This fact notwithstanding, Movant elected to proceed to a hearing on the Motion because it desired "a ruling from the Court," this despite its failure to allege a sufficient legal basis for relief. Movant's decision to prosecute a deficient motion resulted in increased financial consequences to Debtor, forced Debtor's counsel to prepare for, travel to, and attend the hearing, and wasted judicial time and resources. *In re Clements*, *supra* at 4; *In re Kilgore*, 243 B.R. at 193.

This Court has previously indicated that as part of an attorney's duty to confer with opposing counsel in coordinating the scheduling of a motion for relief under SC LBR 9013-1(b), counsel for a creditor should inquire with opposing counsel about the status of any alleged lapse in insurance coverage prior to filing a motion for relief based on such a lapse. *See In re Burns*, C/A No. 15-01927-jw, slip op. at 6 (Bankr. D.S.C. Sept. 9, 2015). This type of consultation should also naturally occur when the alleged default involves the non-payment of taxes. If such an inquiry were made in this matter, it would have likely alerted both parties that Debtor's counsel had not yet received the Movant's correspondence requesting proof of insurance, and would have alerted Movant that the Manufactured Home had proper insurance coverage and that the taxes had been paid. Had Movant and its counsel

made these reasonable inquiries just before filing the Motion, the Motion would have likely not been filed.

The Court finds Movant's conduct to be unwarranted and unnecessary. The filing of a motion for relief has significant consequences and should never be taken lightly. In addition to having important ramifications on the rights of the parties, these motions create increased costs and work to all of the parties involved as well as the Court. When § 362 motions are filed without proper, diligent, and reasonable inquiry, they create unnecessary costs and undermine judicial efficiency and economy. Movant and counsel's failure to conduct a diligent and reasonable inquiry before filing the Motion led to just this result. Furthermore, if Movant sought to rely on Debtor's repeated conduct as the basis for relief, Movant should have alleged this conduct in its pleadings, not for the first time at the hearing.

For the foregoing reasons, and in reliance upon the Court's inherent power and § 105(a),[10] the Court finds that Debtor is entitled to an award of her reasonable attorney's fees and costs incurred in defending the Motion. Within ten (10) days of the entry of this Order, Debtor's counsel is directed to file and serve an Affidavit of Attorney's Fees and Costs ("Affidavit").[11] Movant's response to the Affidavit, if any, shall be filed within seven (7) days thereafter. Upon receipt of the Affidavit and any responses thereto, the Court will issue a further order awarding reasonable attorney's fees and costs to Debtor.

---

[10] Movant's counsel indicated both at the hearing and in discussions with Debtor's counsel that he did not have his client's permission to, and therefore could not, withdraw the Motion. While Counsel has a duty to use legal procedure for the fullest benefit of his client, Counsel also owes duties to the Court and opposing counsel. *See* SC Appellate Court Rules 3.1, 3.3, 3.4, and comments thereto. The Court directs all counsel to the provisions of 28 U.S.C. § 1927, which provide for the imposition of personal sanctions on "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously. . . ."

[11] The Affidavit should include a breakdown of the fees and costs incurred by Debtor's counsel in connection with the preparation and filing of the Objection, attempting to negotiate a pre-hearing settlement, preparation for and attending the hearing on the Motion, and complying with the terms of this Order, including the preparation of the Affidavit.

11

## CONCLUSION

It is therefore ORDERED that Movant's Motion is DENIED.

IT IS FURTHER ORDERED that within ten (10) days of entry of this Order, Debtor's counsel may file the Affidavit. Movant's response to the Affidavit, if any, shall be filed within seven (7) days after the Affidavit is filed. Upon its receipt of the Affidavit and any response thereto, the Court will issue a further order awarding Debtor's attorney's fees and costs.

**AND IT IS SO ORDERED.**